The GREAT WESTERN SUGAR COM-
PANY, a Delaware corporation,
Plaintiff–Appellee,

v.

PENNANT PRODUCTS, INC., a New
York corporation,
Defendant–Appellant.

No. 84CA0815.

Colorado Court of Appeals,
Div. I.

Sept. 24, 1987.

Rehearing Denied Oct. 22, 1987.

Certiorari Denied Feb. 1, 1988.

Bradley, Campbell & Carney, P.C., Thomas A. Nolan, Victor F. Boog, Golden, for plaintiff-appellee.

Mousaw, Bigdor, Reeves, Heilbronner & Kroll, Robert J. Pearl, Rochester, N.Y., Bennett S. Aisenberg, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Pennant Products, Inc., appeals the trial court judgment entered in favor of plaintiff, the Great Western Sugar Company. We affirm.

This dispute arises from two separate agreements between the parties whereby defendant contracted to purchase specified quantities of refined beet sugar from plaintiff. The first agreement (the fourth quarter contract) was to be performed during the fourth quarter of 1980, and the second agreement (the first quarter contract) was scheduled during the first quarter of 1981.

The fourth quarter contract called for the purchase of 900,000 lbs. of sugar at the price of $46 per hundred pounds. The first quarter contract was for an additional 500,000 lbs. of sugar at a price of $45 per hundred pounds. Both contracts called for periodic shipments of sugar to be made in accordance with shipping orders sent by the defendant. Each contract provided that the defendant could terminate by sending written notice.

Throughout the fourth quarter of 1980, sugar was ordered and purchased by the defendant in accordance with the fourth quarter contract. After defendant received and paid for 371,500 lbs., it sent no more shipping orders for the remainder of the sugar under the fourth quarter contract, nor did it order or receive any additional sugar pursuant to the first quarter agreement. Defendant further failed to send any written notification of its decision to terminate the contracts.

Thereafter, plaintiff brought this action seeking damages for breach of contract. After trial to the court, it was determined that defendant had breached the contracts, and judgment was entered in favor of plaintiff.

In determining damages, the trial court found that the industry custom was to provide customers with downside price protection whereby customers were afforded the lowest price offered during purchase periods regardless of the contract price. The trial court then found that the lowest price offered by plaintiff during the fourth quarter of 1980 was $34.95 per hundred pounds, and the lowest price offered during the first quarter of 1981 was $28.08 per hundred pounds. Pursuant to § 4-2-709(1)(b), C.R.S., the trial court multiplied these prices by the outstanding quantities of sugar remaining on the respective contracts. The resulting sum, together with prejudgment interest running from the dates each contract should have reasonably been performed, was awarded to plaintiff, and the remainder of the sugar under both contracts was ordered to be delivered to defendant.

## I.

Defendant first contends that the trial court's award of damages was improper under § 4-2-709(1)(b), C.R.S., because the goods that were the subject of the contracts were not identified sufficiently. We disagree.

Section 4-2-709(1) provides that:

"When the buyer fails to pay the price as it becomes due, seller may recover, together with any incidental damages under § 4-2-710, the price:

. . . .

(b) Of goods identified to the contract if the seller is unable after a reasonable effort to resell them at a reasonable price or circumstances reasonably indicate that such effort will be unavailing."

██ Without question, sugar is a fungible good. *See United States v. Amalgamated Sugar Co.*, 72 F.2d 755 (10th Cir. 1934). Identification of a fungible good occurs when the contract is made if it is for the sale of goods already existing and identified. Section 4-2-501(1)(a), C.R.S. Section 4-2-501, C.R.S. (Official Comment 5) indicates that reference within a contract to an

undivided share in an identified fungible bulk is enough to satisfy the requirement of identification. *See also Martin Marietta Corp. v. New Jersey National Bank,* 612 F.2d 745 (3d Cir.1979). Furthermore, in view of the narrow objective accomplished by identification, the general policy of the Uniform Commercial Code is to resolve all doubts in favor of identification. Section 4-2-501, C.R.S. (Official Comment 2); *see Martin Marietta Corp. v. New Jersey National Bank, supra.*

■ The record supports the trial court's finding that at all times plaintiff's inventory consisted of sufficient excess sugar to supply the remainder of its obligation under the contracts. *See Martin Marietta Corp. v. New Jersey National Bank, supra; United States v. Amalgamated Sugar Co., supra;* § 4-2-501, C.R.S. (Official Comment 5). There was no need, as defendant suggests, that plaintiff segregate and label bags of sugar intended to be delivered to defendant. It is not necessary that the goods be in a deliverable state. *See* § 4-2-501, C.R.S. (Official Comment 4). Accordingly, we hold that identification was sufficient for purposes of § 4-2-709(1)(b).

## II.

Defendant next contends that circumstances did not reasonably indicate that efforts to resell the sugar would have been unavailing, and therefore, the trial court erred in so finding. We disagree.

■ It is undisputed that plaintiff made no attempts to resell the particular sugar which defendant had agreed to purchase. However, the record shows that the market price for refined beet sugar declined drastically after the parties entered into their agreements. The record further demonstrates that despite efforts by plaintiff to sell other parts of its inventory, plaintiff continuously held an excess amount of sugar inventory sufficient to fulfill its obligation to defendant. These circumstances, together with the fact that, during this period, the entire sugar industry consistently had more sugar to sell than the market could absorb, supports the findings on this issue. Thus, there was sufficient basis for the trial court to determine that efforts to resell the sugar would have been unavailing. *See Foxco Industries, Ltd. v. Fabric World, Inc.,* 595 F.2d 976 (5th Cir.1979).

## III.

Defendant also argues that the trial court's award of damages was tantamount to a penalty. We disagree.

■ Damages are awarded in order to make the non-breaching party whole. *Kniffin v. Colorado Western Development Co.,* 622 P.2d 586 (Colo.App.1980). The general measure of damages for a contract case is that amount which places the non-defaulting party in the same position he would have been in had the breach not occurred. *H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.,* 665 P.2d 635 (Colo.App.1983).

■ Here, the trial court's award was, in effect, specific performance of the contracts. Defendant is entitled to receive the quantities of sugar remaining on the contracts, and rather than pay the full contract price, defendant was afforded the benefit of paying a lower price by the trial court's use of downside price protection. The record does not support defendant's argument that the damage award constituted a penalty. Under the circumstances of this case, we find no error in the trial court's award.

## IV.

Defendant's remaining contentions are without merit.

Judgment affirmed.

VAN CISE and BABCOCK, JJ., concur.